*168 .OPINION of the Court, by
Judge OWsxet.
*—Craig brought suit at law against Bush, for trover and conversion of a negro woman; and Bush failing to plead to the action, Craig obtained judgment by nihil dieit} and upon the execution of a writ of inquiry, recovered a judgment of §500, damages and costs.
Bush, to he relieved against this judgment, and obtain a new triad in the action at law, exhibited 1ns bill in chancery, alleging his right to the negro, and setting forth various reasons why he made no defence to the action at law, and suggesting the cause of his failure to apply to the court of law for a new trial. Craig an- *169 v.veroJ fc’ie bul; and tac causo being regularly prepared for ‘ rial, the court decreed a new trial to be 'sad in the actio:; at law, -but made no decree as to costs, nor any fartharjordcr as to the final disposition of the cause.
In the latter cafe his remedy was by bill of exceptions and writ of error.
Where a bill is trained merely fur the pur-pofe oí obtaining a new tr.al, and it is ordered accordingly, ⅛ upon the ¡eco-id trial had, , ■;j of excepte';.. taken co opinion or ⅞1 court in ; ver ruling a m-nicr?. tor a r.ew trul, the on^ht ’<1 o⅛ upon the funner bi.U to let aik.e the fecond verdi&,
Subsequent to this the action-at law was reinstated, and upon the motion of Bush the writ of inquiry was set aside and the general issue pleaded; and issue being joined thereto, a new trial was bad, and a verdict of ¡¡§400 again obtained by Craig. Bush then moved the court at law for a new trial, but his motion being overruled, exceptions were taken to the opinion of the court, and the evidence given on the trial made part of the record, amljudgmcnt was accordingly entered in favor of Craig on the verdict of the jury. Bush then applied to the court of chancery, without any other bill being filed, and obtained an injunction to the judgment at law ; and at a subsequent term, the court dissolved the injunction and derived Craig to pay the costs of the suit in chancery. From this decree Bush lias appealed to this court.
We have not thought it proper or material to inquire whether the evidence given on the last trial at law. justifies the verdict of the jury : for if it does not, Bush’s remedy is by writ of error to the judgment entered on that verdict, and not by an appeal from the opinion of the court of chancery in refusing to correct that finding.
The hill of Rush was clearly framed not for ultimate and final relief upon equitable circumstances growing out of the subject matter of contest, but to be relieved from the effect of intervening circumstances which prevented Ids making defence on the first trial. That courts of chancery may in certain cases grant such relief, will not be denied; but when they interpose for that purpose, it seems that the demands of justice are satisfied by restoring the complaining party to the situation he would have occupied had those circumstances not occurred, and he been permitted to make full defence at law.
It is plain the matter in contest is cognizable, and might have been fully and finally tried in a court of law, ami that equity could not have taken jurisdiction of the cause after a trial at law, but for the suggestions in the bill accounting for the failure of Bush in making application to that court for » new trial: for it is settled, that where a party applies for a new trial to a court of law *170 and it is refused, or where he might have so applied and through negligence fails, equity will not interpose. It was then for the purpose of obtaining a new trial in the action at law Rush’s bill was exhibited, and to effect that Object the court took cognizance of the case; and for that purpose it is evident that court had full power, by awarding a final injunction upon toe judgment which was sought to he set aside, unless Craig would consent to a second trial at law. But whenever a new trial was ordered by the court and consented to by Craig, and the former judgment set aside, the cause for which equity assumed jurisdiction was removed, the object of the bill was satisfied, and the parties compelled to pursue their rights at Saw as though no suit in equity had ever been prosecuted.
This is not like the case of an issue at law directed out of chancery for the purpose of satisfying the chancellor on some fact in relation toa matter in controversy over which he has original and exclusive jurisdiction. There, as the subject matter gives the jurisdiction, the chancellor retains it until the contest is finally settled; and if the issue is not found according to his opinion of what is right, he may award a second inquest. But here, the subject matter is cognizable at law, and the chancellor assumed cognizance of the cause not for the purpose of finally determining the subject matter of contest, but to reinstate the cause before that tribunal which was competent to a final determination.
When, therefore, a new trial was ordered, and consented to by Ci'aig, the cause reinstated at law and a second trial there had, if the decision was not then satisfactory to Bush, lie should pursue his remedy as at law; and the court of chancery consequently did wrong, at his instance again to grant an injunction, and determined correctly at a subsequent term in dissolving it.
The decree must therefore be affirmed with costs and damages upon the damages given in that court.